■ RENA SZAREJKO, Respondent, v AMERLING VOLKSWAGEN, INC., et al., Appellants.—Appeal from a judgment of the Supreme Court, entered November 17, 1975 in Ulster County, upon verdicts rendered at a Trial Term in favor of plaintiff on all three of her causes of action, two for conversion and one for malicious prosecution. The action arose out of an alleged agreement between the plaintiff and the defendant automobile dealer for the sale of a Volkswagen, whereby defendant delivered possession and certificate of registration of the Volkswagen to the plaintiff who allegedly traded in a Chevrolet automobile owned by her. Following a dispute as to whether the defendant dealer assumed the balance of payments due on plaintiff's Chevrolet automobile, or whether plaintiff concealed the fact that payments were due under a chattel mortgage, the dealer repossessed the Volkswagen from the plaintiff, and plaintiff was arrested and charged with grand larceny in the second degree on an information filed by the dealer. The charge was thereafter dismissed. The dealer thereafter sold both the Volkswagen and the Chevrolet to third parties. In this action for conversion and malicious prosecution, the jury returned a verdict in favor of the plaintiff on all three causes of action alleged. No damages were awarded for the conversion of the Volkswagen and $1,500 was awarded for conversion of the Chevrolet. In the cause of action for malicious prosecution, plaintiff was awarded $2,000 compensatory and $6,000 punitive damages. On this appeal, defendant contends that the jury's verdict on the two causes of action for conversion is inconsistent; that the verdicts in favor of the plaintiff on all three causes of action are against the weight of the evidence; that the awards for compensatory and punitive damages for malicious prosecution are excessive; and that the evidence of prior arrests of the plaintiff should not have been excluded. The jury could properly conclude that the plaintiff made no payment for the Volkswagen, and, therefore, suffered no damages as a result of its conversion. On the other hand there is evidence of monetary loss to the plaintiff resulting from the conversion of the Chevrolet. The verdicts, therefore, are not inconsistent. The verdicts in favor of the plaintiff on all three causes of action are amply supported by the record. The record also discloses that the amounts of the awards for compensatory and for punitive damages in the action for malicious prosecution are reasonable and proper under the circumstances. Finally, we find no error in the exclusion of evidence of plaintiff's prior arrests. Such evidence can have no relevancy to the issue of compensatory damages in an action for malicious prosecution. We find no reason to disturb the verdict properly arrived at by the jury. Judgment affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.